323 So.2d 507 (1975)
Raymond RICHARDSON
v.
Louis A. HEYD, Jr., Criminal Sheriff in and for the Parish of Orleans, State of Louisiana.
No. 6997.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
*508 Frank S. Bruno, New Orleans, for plaintiff-appellant.
Leroy Hartley, Kenneth M. Wright, New Orleans, for defendant-appellee.
Before SAMUEL, GULOTTA and BEER, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against the Criminal Sheriff for the Parish of Orleans for damages resulting from personal injuries suffered by him when attacked by a prisoner who escaped from his custody when returning from Charity Hospital. Defendant answered, essentially denying the allegations of plaintiff's petition and alternatively pleading contributory negligence. After trial on the merits, there was judgment in favor of defendant, dismissing plaintiff's suit. Plaintiff has appealed.
Plaintiff was employed as a deputy by the Criminal Sheriff for the Parish of Orleans.[1] He was working in the medical department of the sheriff's office. Among his duties was the transportation of sick and injured prisoners between parish prison and Charity Hospital, both in New Orleans. On September 16, 1969 plaintiff was assigned to take three prisoners to that hospital. He personally removed two of the prisoners and watched as they were searched by other deputies. The third prisoner, Tommy Hertz, was turned over to him at the main gate and plaintiff personally searched him. Plaintiff secured the three prisoners in the prison van used for transporting them, but he stated he was unable to handcuff Hertz because the latter had a brace on one hand. Plaintiff requested the captain of the watch to send another deputy with him, but the request was refused because of a shortage of deputies.
Plaintiff brought the three prisoners to the hospital without incident, and he watched continuously as each received treatment. While returning to the prison with the three men in the prison van, Hertz, who was seated behind plaintiff, seized him and placed a makeshift "ice pick" against his throat. Hertz then forced plaintiff to stop the vehicle and threw him into the street, causing plaintiff to suffer a cervical strain and a hernia.
Plaintiff argues numerous reasons why the defendant should be found guilty of negligence. Among these reasons are a violation of prison rule Article 21, requiring a deputy in the rear of a vehicle transporting prisoners, the lack of a safety screen between the prisoners and the vehicle's driver, as well as vague arguments regarding improper training of deputies in searching prisoners. The negligence of the defendant, if any, need not be decided since we find plaintiff guilty of contributory negligence.
No testifying witness knew where Hertz obtained the weapon. The prison van was kept in an alley where it was accessible to inmates and non-prison painters. It is possible the weapon could have been placed in the van while it was so parked. The nature of the weapon and plaintiff's constant observation of the three men during treatment render unlikely the possibility that Hertz obtained it at Charity Hospital. However, regardless of how the weapon came into the possession of Hertz, and in spite of his alleged inability to place handcuffs on Hertz's injured hand, it is clear plaintiff was guilty of contributory negligence *509 because he failed to use obvious and simple procedures to secure Hertz and the other prisoners in such a way as to prevent them from causing him injury.
The record includes testimony showing the prison van had bench-type seats to which Hertz's legs could have been shackled and his uninjured arm handcuffed. When asked why he did not use this procedure to secure the prisoners, plaintiff testified he did not think this manner of securing prisoners was available and he did not look to see if he could have used this technique.
In addition, the testimony of Deputy Robert Hartman, who also was assigned as a medical deputy to take prisoners to and from the hospital, is significant. Deputy Hartman testified a prisoner with an injured hand could be secured by shackling him to another prisoner and handcuffing his uninjured hand to another prisoner at the same time.
On the date of the incident plaintiff had been a deputy criminal sheriff for some three years, and previously had served on the New Orleans Police Department for two years. He had been assigned to the medical detail for approximately three months, and the vicious propensities of Hertz were well known to him and to the other deputies at the prison.
Plaintiff had full knowledge of the danger which Hertz presented, and he failed to take at least two obvious positive steps available to him, steps which our reading of the record satisfies us should have been known to him, to prevent Hertz from causing him injury. Under these circumstances, plaintiff's actions or lack thereof in not properly securing Hertz in the prison vehicle were not those of a reasonable man under the circumstances and constitute contributory negligence which bars any recovery by him.[2] For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
BEER, J., concurs.
BEER, Judge (concurring).
I concur in the result.
NOTES
[1] The boundaries for the Parish of Orleans and the City of New Orleans are coextensive so that city officials and parish officials have the same territorial jurisdiction for practical purposes.
[2] See Pfister v. Phoenix of Hartford Insurance Company, La.App., 290 So.2d 362.